OPINION
Shaleatha Taylor, a minor child (dob 3/28/84), appeals from her adjudication as a delinquent child entered in the Cuyahoga County Court of Common Pleas, Juvenile Division after the court accepted her admission to the allegations of a complaint that charged her with felonious assault, an offense that would constitute a second degree felony if committed by an adult. We find no error in the proceedings below and affirm.
On November 21, 1996, a complaint was filed alleging that on November 20, appellant, then aged twelve, caused or attempted to cause physical harm to her aunt, Maylayna Taylor, her legal guardian, with a knife in violation of R.C. 2903.11(A)(2) which would constitute a felony of the second degree if she were an adult. Appellant, represented by counsel, admitted the allegation of the complaint at a hearing held on January 3, 1997. Her admission was accepted by the court pursuant to Juv.R. 29 and appellant was adjudicated a delinquent child. Subsequently, appellant was held at the juvenile detention center for almost five months awaiting placement in a facility which would offer her treatment. On June 24, 1997, the state suggested as an alternative to appellant's remaining in the detention center that appellant be permitted to participate in the "Wraparound" program which would work with her in her home setting. At that time the court inquired whether appellant's aunt would agree that this would be in appellant's best interest. Appellant's aunt agreed to appellant's return home and stated on the record that she did not feel "threatened" by appellant's return. Thereafter; in August 1997, appellant received a residential placement at Parmadale. On December 16, 1997, appellant admitted to a separate violation of a court order as "not being compliant with the rules and regulations of Parmadale" and by entry filed March 16, 1998, the court imposed the original commitment of one year to the legal care and custody of the Ohio Department of Youth Services. Appellant appeals from the commitment imposed by the court and advances one assignment of error for our review.
 THE COURT IMPROPERLY ACCEPTED THE ADMISSION OF GUILT AND SENTENCED THE CHILD SINCE THE COURT SHOULD HAVE ASSIGNED THE CHILD A GUARDIAN AD LITEM BECAUSE THE COURT WAS AWARE THAT THERE WAS A CONFLICT BETWEEN THE CHILD AND HER LEGAL GUARDIAN.
By this assignment of error, appellant complains that on January 3, 1997, the court improperly accepted her admission of guilt. Specifically, appellant complains that the court failed to appoint a guardian ad litem as required by R.C. 2151.281 alleging a conflict of interest existed between appellant and her legal guardian, the victim of the felonious assault. Appellant, without demonstrating any specific circumstance showing such a conflict of interest, essentially contends a conflict of interest existed because her legal guardian, her aunt, was the victim and the sole eyewitness to the alleged felonious assault which she admitted.
The Ohio Supreme Court stated In re Baby Girl Baxter(1985),17 Ohio St.3d 229: "[t]he duty of a lawyer to his client and the duty of a guardian ad litem are not always identical and, in fact, may conflict. The role of guardian ad litem is to investigate the ward's situation and then to ask the court to do what the guardian feels is in the ward's best interest. The role of the attorney is to zealously represent his client within the bounds of the law." The role of guardian ad litem is to protect the interests of a child involved in matters before the court under certain designated sets of circumstances. Appellant argues that a conflict of interest existed between her and her aunt so that the court should have acted under these provisions. The relevant portions of R.C.2151.281(A) read as follows:
 (A) The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:
* * *
 (2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian. Functionally similar portions of Juv.R. 4 (B) read:
 (B) Guardian ad litem; when appointed. The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:
* * *
 (2) The interests of the child and the interests of the parent may conflict.
Because these provisions are mandatory, the failure of a court to appoint a guardian ad litem, when such an appointment is required under the rule or the statute, constitutes reversible error. See In re Adoption of Howell(1991), 77 Ohio App.3d 80, 92;In re McQuitty(May 5, 1986), Butler App. No. CA85-04-016, unreported.
The resolution of the issue raised by appellant's assignment of error, therefore, turns on whether the record below shows a conflict of interest between appellant and her aunt which would warrant the appointment of a guardian ad litem to protect appellant's interests and the failure of the trial court to make such appointment sufficient to merit reversal.
In an analogous circumstance, the Hamilton County Court of Appeals in its review of a case where the appellant complained that the trial court erred in failing to appoint a guardian ad litem
where the mother spoke against the child's penal interest cautioned the court and counsel stated "* * * in a delinquency case, when a parent does speak against a child's penal interest, a colorable claim of a conflict is at least raised, requiring thorough inquiry." In re Howard(1997), 119 Ohio App.3d 201, 207. But, theHoward court went on to find that where the child's rights were adequately protected and all the information necessary to make a decision in accordance with R.C. 2151.01 was before the court, then there was no error in the failure to appoint a guardian ad litem.Id. 207.
Even in a case where the guardian ad litem spoke about an unrelated offense for which no charges had been filed against a child and encouraged a discussion of the alleged offense and failed to warn the child against making incriminating statements, the court found no error where the trial court failed to replace the guardian because the child had been afforded separate legal counsel to zealously represent his interest and to ensure his rights were protected. In re Ricardo Dunham(Nov. 7, 1997), Hamilton App. No. C960399-960400, unreported.
Here, a review of the record reveals that appellant was represented by counsel to protect her rights throughout the proceedings relating to her adjudication. Moreover, a careful review of the proceedings of January 3, 1997, wherein appellant admitted to the allegations of the complaint against her, fails to demonstrate any evidence that appellant's aunt spoke out against her penal interest. Further, appellant, represented by counsel, raised no claim of conflict at the adjudicatory hearing and we see no colorable claim of conflict arising from the circumstances of the hearing. The colloquy between appellant and the trial court indicates that the court's acceptance of her admission to the offense comported with the requirements of Juv.R. 29. Thus, the record does not support the contention that appellant and her aunt had such a conflict of interest to require the appointment of a guardian ad litem. Although the victim of the assault was appellant's aunt, nothing in this record shows that her aunt was not acting in her best interest throughout the proceedings.
We find that the record demonstrates that appellant's rights were adequately protected throughout the proceedings held in juvenile court. Further, there is no evidence in the record which raises the inference that a conflict of interest existed between appellant and her aunt which would warrant the court to inquire whether such a conflict did exist. Accordingly, appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
 PATTON, J. and BLACKMON, J., CONCUR.